# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## MATTHEW MELTON JACKSON v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Davidson County
### No. 2001-A-386

### No. M2010-00329-CCA-R3-PC - Filed September 16, 2010

This matter is before the Court upon the State's motion to dismiss or in the alternative to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. Petitioner has appealed the trial court's order dismissing his petition for post-conviction relief in which Petitioner alleged that his guilty plea was based on a coerced confession, he was denied effective assistance of counsel, and newly discovered evidence of perjury by a State witness requires a reversal of his guilty plea. Upon a review of the record in this case, we are persuaded that the trial court was correct in dismissing the petition for post-conviction relief without a hearing and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ. joined.

Matthew Melton Jackson, Pro Se, Tiptonville, Tennessee

Robert E. Cooper, Jr., Attorney General & Reporter, and Rachel West Harmon, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On December 16, 2009, Petitioner filed a pro se petition for post-conviction relief that is at issue herein. However, Petitioner is no stranger to the judicial process. The post-conviction court summarized the factual background of Petitioner's case and Petitioner's claims as follows:

This is the petitioner's second petition for post[-]conviction relief. In this petition, he asserts newly discovered evidence, exculpatory evidence and impeaching evidence related to an involuntary confession entitle him to relief. The Petitioner entered guilty pleas on May 12, 2005[,] for two counts of Aggravated Robbery, . . . and received an eight (8) year sentence on each count to be served concurrently. The Petitioner appealed a certified question and the Court of Criminal Appeals affirmed the conviction. *See State v. Matthew Jackson*, M2005-01374-CCA-R3-CD, 2006 WL 1896350[, at] *1 (Tenn. Crim. App.[, at Nashville July 7,] 2006)[, *perm. app. denied*, (Tenn. Nov. 13, 2006)]. The Tennessee Supreme Court denied application for permission to appeal. The petitioner filed a prior post[-]conviction petition which was denied by this court on January 8, 2007. That determination was affirmed on appeal. *[Matthew] Jackson v. State*, No. M2007-00385-CCA-R3-PC[, 2007 WL 2437951, at *1] (Tenn. Crim. App.[, at Nashville] Aug. 27, 2007) [, *reh'g denied*, (Tenn. Sept. 14, 2007) , *perm. app. denied*, (Tenn. Dec. 17, 2007)].

In the current petition, the petitioner asserts newly discovered evidence which relates to an interview and his confession. He asserts he was coerced into his confession involving the Springfield Police Department and asserts an officer committed perjury in a Davidson County hearing.

The Court finds this is the petitioner's second petition for post-conviction relief. The statute permits the filing of only one petition. Tenn. Code Ann. § 40-30-102. In addition, the Court finds there is no basis to re-open the post-conviction proceedings. Tenn. Code Ann. § 40-30-117. The evidence presented in this petition is not newly discovered evidence. The issues raised have been previously determined. Therefore, the petition is dismissed.

It appears that the petition at issue herein may actually be at least Petitioner's third petition for post-conviction relief, rather than his second, as described by the post-conviction court. Several months prior to the petition at issue herein, Petitioner filed what appears from the record to be a third petition for post-conviction relief on August 7, 2009. In this petition, Petitioner argued "that a decision of this Court rendered after the entry of his guilty plea created a constitutional right that should be given retroactive application." *Matthew Melton Jackson v. State*, No. M2009-02000-CCA-R3-PC, 2010 WL 1741364, at *1 (Tenn. Crim. App., at Nashville, Apr. 29, 2010). Petitioner also argued "his incarceration in another state required a tolling of the statute of limitations." *Id.* The post-conviction court summarily dismissed the petition and the dismissal was affirmed on appeal. *Id.*

Petitioner filed a timely notice of appeal from the dismissal of the petition herein.

*Analysis*

On appeal, Petitioner alleges that the post-conviction court improperly dismissed the petition for relief. We disagree. The issues raised by Petitioner herein regarding an alleged coerced confession and perjured testimony, are not newly discovered. These issues were known to Petitioner prior to the entry of his guilty plea, his direct appeal, and his first petition for post-conviction relief. *See Matthew Melton Jackson*, 2010 WL 1741364, at *1; *Matthew Jackson v. State*, No. M2007-00385-CCA-R3-PC, 2007 WL 2437591 (Tenn. Crim. App., at Nashville, Aug. 27, 2007), *perm. app. denied*, (Tenn. Jan. 28, 2008); *State v. Matthew Melton Jackson*, No. M2005-01374-CCA-R3-CD, 2006 WL 1896350 (Tenn. Crim. App., at Nashville, July 7, 2006), *perm. app. denied*, (Tenn. Nov. 13, 2006). In fact, several of Petitioner's issues have been previously determined. Under Tennessee Code Annotated section 40-30-206, the trial court shall enter an order dismissing the petition for post-conviction relief if, inter alia, it appears the ground asserted for relief has been previously determined on the merits by a court of competent jurisdiction. T.C.A. § 40-30-206(h). The trial court properly observed that the coerced guilty plea issue was resolved by this Court in a prior appeal. *See Matthew Melton Jackson*, 2007 WL 2437951, at *1. Furthermore, Petitioner's remaining grounds for relief were waived when he entered his guilty plea. The Tennessee Supreme Court has consistently and frequently held that the entry of an informed and counseled guilty plea constitutes an admission of all of the facts and elements necessary to sustain a conviction and a waiver of any non-jurisdictional defects or constitutional irregularities. *See State v. McKinney*, 74 S.W.3d 291, 306 (Tenn. 2002) (citing *State v. Carter*, 988 S.W.2d 145, 148 (Tenn. 1999); *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999)).

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

> > The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20.  We affirm the judgment of the trial court.

_____

JERRY L. SMITH, JUDGE